AW/RM

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No. 24-6628,   <u>William White v. US</u>

1:23-cv-01614-GLR

### 1. Declaration of Inmate Filing

An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:

- a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
- a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

| Declaration of Inmate Filing |
| --- |
| Date NOTICE OF APPEAL deposited in institution's mail system: ___7/15/24___ |
| I am an inmate confined in an institution and deposited my notice of appeal in the institution's internal mail system. First-class postage was prepaid either by me or by the institution on my behalf. |
| I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621). |
| Signature: _William White_   Date: ___7/15/24___ |
| [*Note to inmate filers: If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c)(1) or Fed. R. App. P. 25(a)(2)(A)(iii).*] |

### 2. Jurisdiction

Name of court or agency from which review is sought:

U S District Court For The District of Maryland

Date(s) of order or orders for which review is sought:

5/10/2024

U.S. COURT OF APPEALS
FOURTH CIRCUIT
RECEIVED
2024 JUL 18 A 10: 59

IN THE UNITED STATES COURT OF APPEALS FOR THE

FOURTH CIRCUIT

William A White

    Plaintiff - Appellant

v.

United States Of America

    Defendant - Appellee

App No: 24-6628

Appeal From DMd Case No:

23-cv-1614

## APPELLANT'S OPENING BRIEF

Statement On Oral Argument

    Oral argument

| Table Of Contents | Page |
|---|---|
| * Statement Of Jurisdiction | 1 |
| * Statement Of The Issues | 1 |
| * Factual And Procedural Background | 2 |
| * Standard Of Review | 8 |
| * Summary Of The Argument | 8 |
| * Argument | 9 |
| I. The District Court Erred In Dismissing The Administrative Procedure Act ("APA") Claim | 9 |
| A. The Federal Bureau Of Prisons ("BOP") Was The Proper Defendant | |

<u>Page</u>

For The APA Claim

B. The District Court Erred In Finding That The Decision    10
To Deprive Prisoners Of Serviceable Clothing Is Committed
To Agency Discretion By Law.

II. The District Court Erred In Dismissing The Federal Tort Claims Act    13
("FTCA") Claims Against The United States

A. The District Court Was Not Permitted To Declare The Merits Of    13
The Claims "Jurisdictional", Then Ignore The Standards For
A Motion To Dismiss Or Summary Judgment, Cherry-Pick
The Pleadings In The Name Of "Jurisdictional Fact-Finding",
And Then Enter Judgment, Without Discovery, On These Cherry-
Picked Facts.

B. The District Court Erred In Finding That The Discretionary    16
Function Exemption Shields The Defendants From Liability
And Denying Related Discovery.

Table Of Authorities

Cases                                                                                Page

* Abbott Lab'ys v. Gardner 387 US 136 (1967)                                    10

* Almy v. Sebelius 679 F3d 297 (4TH Cir 2012)                                   12

* Arbaugh v. Y&H Corp 546 US 500 (2006)                                         15

* Ashcroft v. Iqbal 556 US 662 (2009)                                          13

* Auction Co of Am v. FDIC 132 F3d 746 (DC Cir 1997)                            9

* Balfour Beaty Infrastructure, Inc v. Mayor & City Council Of Balt        8, 13
     855 F3d 247 (4TH Cir 2017)

* Berkovitz v. United States 486 US 531 (1985)                                  16

* Blassingame v. Secretary Of Navy 811 F2d 65 (2ND Cir 1987)                    9

* Bowles v. Seminole Rock & Sand Co 325 US 410 (1945)                          12

* Brownback v. King 141 SCt 740 (2021)                                       14-15

* Brown v. Plata 563 US 493 (2011)                                             12

* Bulger v. Hurwitz 62 F4TH 127 (4TH Cir 2023)                             15-16, 18

* Carder v. Antero Res Corp 57 F4TH 384 (4TH Cir 2023)                          8

* Carey v. Throwe 957 F3d 468 (4TH Cir 2020)                                   13

* Carter v. United States 694 Fed Appx 918 (4TH Cir 2017)                      15

* CH ex rel Hardwick v. Heyward 404 F Appx 765 (4TH Cir 2010)                  17

* Corporal v. Weber 2023 US App LEXIS 18324 (4TH Cir 2023)                     13

* Coulthurst v. United States 214 F3d 106 (2ND Cir 2006)                        17

* De Shaney v. Winebago Cnty Dep't of Soc Servs 489 US 189 (1989)             12

* Heckler v. Chaney 470 US 821 (1985)                                          10

* Holbrook v. TVA 48 F4TH 282 (4TH Cir 2022)                                   10

<u>Table Of Authorities</u>

<u>Cases</u> (cont.)                                                                    <u>Page</u>

* <u>Keller v. United States</u> 771 F3d 1071 (7TH Cir 2014)               17

* <u>Kerns v. United States</u> 585 F3d 187 (4TH Cir 2009)              14-15

* <u>Lincoln v. Vigil</u> 508 US 182 (1993)                                    10

* <u>Middleton v. United States</u> 658 Fed Appx 167 (3RD Cir 2016)         17

* <u>Paley v. United States</u> 349 F3d 418 (7TH Cir 2003)               17

* <u>Pfaller v. Amonette</u> 55 F4TH 436 (4TH Cir 2022)               12

* <u>Pomano v. United States</u> 814 F3d 681 (4TH Cir 2016)            16

* <u>Porter v. Zook</u> 803 F3d 694 (4TH Cir 2015)                     17

* <u>NVE, Inc v. HHS</u> 436 F3d 182 (3RD Cir 2008)                    9

* <u>Rich v. United States</u> 877 F3d 140 (4TH Cir 2015)            15,17

* <u>Sandin v. Conner</u> 515 US 472 (1995)                           8,11,13

* <u>State Of Haw., Dept of Human Servs v. United States Dept of Educ.</u>     9
  <u>Rehab Servs</u> 46 F4TH 1148 (9TH Cir 2022)

* <u>Stillman v. Travelers Ins Co</u> 88 F3d 911 (11TH Cir 1996)          17

* <u>Tex. Workforce Comm'n v. United States Dept of Educ. Rehab Servs</u>      9
  <u>Admin</u> 973 F3d 383 (5TH Cir 2020)

* <u>Triestman v. Federal Bureau Of Prisons</u> 470 F3d 477 (2ND Cir 2006)   17

* <u>Tyree v. United States</u> 841 Fed Appx 762 (4TH Cir 2020)          17

* <u>United States v. Gaubert</u> 499 US 315 (1991)                       16

* <u>United States ex rel Vuyyuru v. Jadhav</u> 555 F3d 337 (4TH Cir 2009)   15

* <u>Velasco v. Gov't of Indon</u> 370 F3d 392 (4TH Cir 2004)            14-15

* <u>Witherspoon v. White</u> 111 F3d 399 (5TH Cir 1997)                17

Table Of Authorities

Cases (cont)                                                    Page

\* Wall v. Rasnick 42 F4TH 214 (4TH Cir 2022)                    11


Statutes

\* 5 USC §701                                                    1

    \* §701(a)(2)                                          10

\* 5 USC §702                                                    10

\* 5 USC §703                                                    9

\* 5 USC §706                                                    10

\* 18 USC §3582 (c)(2)                                           7

\* 18 USC §4042 (a)(2)-(3)                                       5,18

\* 28 USC §1291                                                  1

\* 28 USC §1331                                                  1

\* 28 USC §1346(b)                                               1,9

\* 28 USC §2680                                                  15

    \* §2680(a)                                            16

    \* §2680(f)                                            17


Rules

\* Fed. R. App. P. 4(a)(1)(B)                                    1

\* Fed. R. Civ. P. 12(b)(1)                                      8,13

\* Fed. R. Civ. P. 12(b)(6)                                      7-8, 13

## Table Of Authorities

### Constitutional Amendments                                          Page

* US Const Amend V                                    8, 11

* US Const Amend VIII                           3, 8, 11-12, 20


### Federal Regulations And BOP Program Statements

+ 28 CFR §541.20-33                                    18

    * §541.31                                          5, 8, 12, 20

* BOP PS 5270.11                                      5, 8, 11-12, 20

## Statement Of Jurisdiction

1) The District Court has jurisdiction and statutory authority over the claims of the Complaint (Doc.1) pursuant to 28 USC §1331, 5 USC §701, et seq, and 28 USC §1346(b). The Court entered what it intended as a final judgment dismissing the Complaint on May 10, 2024. Doc 26; but see para 34, infra. Appeal was timely noted June 21, 2024. Doc 27. This Court has jurisdiction over this appeal pursuant to Fed. R. App. P. 4(a)(1)(B) and 28 USC §1291.

## Statement Of The Issues

2) The Defendants placed me in a Special Housing Unit ("SHU") and maintained me there in a manner contrary to federal regulations despite knowing that it would exacerbate my Post-Traumatic Stress Disorder ("PTSD") and it did exacerbate my PTSD. While there, despite knowing that I had Covid-19, the Defendants denied me medical and palliative care. Then, the Defendants deprived me of serviceable clothing for three days for no reason but the sadistic desire to harm me. These acts also caused injury. The District Court ruled that the Defendants have unbridled discretion to deprive prisoners of clothing and medical care and otherwise injure them. I raise the following issues:

I. The District Court Erred In Dismissing The Administrative Procedure Act ("APA") Claim

    A. The Federal Bureau Of Prisons ("BOP") Was The Proper Defendant For The APA Claim

    B. The District Court Erred In Finding That The Decision To Deprive Prisoners Of Serviceable Clothing Is Committed To Agency Discretion

-1-

By Law.

II. The District Court Erred In Dismissing The Federal Tort Claims Act
("FTCA") Claims Against The United States

A. The District Court Was Not Permitted To Declare The Merits Of The
Claims "Jurisdictional", Then Ignore The Standards For A Motion To
Dismiss Or Summary Judgment, Cherry-Pick The Pleadings In The
Name Of "Jurisdictional Fact-Finding", And Then Enter Judgment,
Without Discovery, On These Cherry-Picked Facts

B. The District Court Erred In Finding That The Discretionary Function
Exemption Shields The Defendants From Liability And Denying Related
Discovery

Factual And Procedural Background

3) The following Statement Of Facts is taken from the Complaint. Doc1 . I also
filed a Statement Of Material Facts at Doc12 p.5-11 para 6. In its ruling, the
District relies on a series of facts which it cherry-picked, without discussion
of the conflicts, at Doc25 p.2-6 ; see also p.9-10, 10 n.4 (explaining why the
District Court felt it didn't have to follow the rules).

4) In February 2016, I was diagnosed with PTSD caused by my conditions of con-
finement between 2008 and 2014. Doc1 p.3 para 8. This PTSD is exacerbated by
SHU confinement. Doc1 p.3 para 8. Five years and nine months later, defendants
BOP and United States acknowledged my PTSD diagnosis and began treating it with

medication. Doc1 p.3 para 9. In July 2022, Dr. Justin Ramsdell, an expert witness employed by the United States, diagnosed me with major depressive disorder with psychotic features, caused and exacerbated by SHU confinement, and reported to the United States that I was in the 98TH percentile for suicidal ideation. Doc1 p.3 para 10.

5) On July 26, 2022, I was transferred to the Federal Correctional Institution ("FCI")-Cumberland and placed in SHU due to lack of bed space, though Defendants knew that such placement would cause me physical injury and serious emotional distress. Doc1 p3 para 11. While in SHU, the Defendants did not adhere to the federal regulations regarding my placement and maintenance there. Doc1 p.3 para 12. As a result of this SHU confinement my PTSD was exacerbated and I suffered serious emotional distress. Doc1 p.3 para 13. I was released from SHU August 22, 2022. Doc1 p.4 para 14.

6) On September 12, 2022, the Defendants returned me to the SHU because I had Covid-19. Doc1 p.4 para 19. Again, federal regulations were not followed. Doc1 p.4-5 para 20. While in the SHU, I was denied medical and palliative care for Covid-19. Doc1 p.5 para 21. As a result of the SHU placement my PTSD was exacerbated and I suffered serious emotional distress. Doc1 p.5 para 22.

7) While in SHU, Correctional Officers ("COs") McCoy and Rohrbaugh, employees of the BOP and United States, sadistically and in violation of US Const Amend VIII and the BOP Program Statement ("PS") interpreting the relevant federal statute and regul-

-3-

ations, deprived me and my cellmate of serviceable clothing. Doc1 p.5-6 para 23-29. Instead, I was given several pieces of paper which the BOP comically refers to as "alternative clothing" but which are not actually serviceable as clothing Doc1 p.5-6 para 25-27. As a result of being deprived of clothing for three days my PTSD was exacerbated and I suffered serious emotional distress. Doc1 p.6 para 28. On September 21, 2022, I was released from the SHU. Doc1 p.6 para 30.

8) On June 14, 2023, the Complaint was docketed. Doc1. It raises the following claims:

   a) Count I: Negligence And Negligent Infliction Of Emotional Distress under the FTCA and against the United States for:

      i) placing and maintaining me in SHU July 26 to August 22, 2022;

      ii) promulgating Covid-19 policies that encouraged the spread of Covid-19;

      iii) denying me access to medical and palliative care September 12 to 21, 2022;

      iv) placing and maintaining me in SHU September 12 to 21, 2022;

      v) denying me clothing from September 17 to 20, 2022.

    Doc1 p.7-8 para 31-35;

   b) Count II: Intentional Infliction Of Emotional Distress ("IIED") under the FTCA and against the United States for:

      i) placing and maintaining me in SHU July 26 to August 22, 2022;

      ii) promulgating Covid-19 policies that encouraged the spread of Covid-19;

      iii) denying me access to medical and palliative care September 12 to 21, 2022;

      iv) placing and maintaining me in SHU September 12 to 21, 2022;

      v) denying me clothing from September 17 to 20, 2022.

—4—

Doc1 p.8 para 36-39.

c) Count III: Violation Of The APA by maintaining a de facto practice of depriving inmates of effectively all clothing for days at a time while not adhering to the mandatory procedures of BOP Program Statement ("PS") 5270.11, which interprets 28 CFR § 541.31, 18 USC § 4042 (a)(2)-(3) and US Const Amend VIII. Doc 1, p.9 para, 40-42.

9) The Complaint was screened July 11, 2023, and subsequently served. Doc 4.

10) On November 29, 2023, Defendants BOP and United States moved to dismiss, or in the alternate, for summary judgment. Doc 10. The Defendants attached to their motion:

a) a records-keeper declaration from Misty Shaw, Doc 10-2, p.2-3 with:

    i) various sentencing records, Doc 10-2 p.4-12;

    ii) various housing records, Doc 10-2 p.13-18; and,

    iii) the Form-95 and attached internal affairs complaint in this matter. Doc 10-2 p.20-24;

b) a sworn declaration from Ricky Rakowski, Jr., the Captain at FCI-Cumberland, who has little to no personal knowledge of the facts of the Complaint, Doc 10-3 p. 1-4, with:

    i) a document authored by a Lieutent Plauger, a former FCI-Cumberland staff member who was dismissed for misconduct. Doc 10-3 p.5-6;

    ii) a second SHU housing document. Doc 10-3 p7-8;

-5-

iii.) various housing records. Doc 10-3 p. 9-12;

iv) more SHU housing records. Doc 10-3 p. 13-16;

v) a copy of the order to deprive me of clothing for 72 hours. Doc 10-3 p. 17-18;

vi) my prison disciplinary history. Doc 10-3 p. 19-25.

c) a declaration of Justin Sines, Doc 10-4 p. 1-3, with

i.) various medical records. Doc 10-4 p. 4-7;

ii) a third copy of the housing records. Doc 10-4 p. 8-15;

d) a declaration of Shane Sheetz, Doc 10-5 p. 1-4, with various psychological records. Doc 10-5 p. 5-9.


11) I responded to Doc 10 on December 15, 2023. Doc 12. However, the first set of exhibits with Doc 12 disappeared, so the exhibits were not docketed until January 12, 2024. Doc 17-20. The exhibits are:

a) my sworn declaration. Doc 17-2;

b) Exhibit ("Exh") 1: an incident report Rakowski falsely swore didn't exist. Doc 17-1;

c) Exh 2: the expert psychological report of Dr. Richard M Samuels. Doc 17-4;

d) Exh 3: a supplemental report by Dr. Richard M Samuels. Doc 17-5;

e) Exh 4: the expert psychological report of Dr. Eric Ostrov. Doc 18-2;

f) Exh 5: the curriculum vitae of Dr. Eric Ostrov. Doc 18;

g) Exh 6: the expert psychological report of United States' expert Dr. Justin Ramsdell. Doc 19-2;

h) Exh 7: the curriculum vitae of Dr. Justin Ramsdell. Doc 20-1;

i) <u>Exh8</u>: the deposition testimony of Dr. Justin Ransdell. <u>Doc 20-2</u>;

j) <u>Exh9</u>: the diagnostic report of BOP Dr. Annabel Fields. <u>Doc 20</u>.

<u>Doc12</u> specifically requests both discovery, <u>Doc12</u> p.1-4, particularly para 4-5, and jurisdictional discovery, <u>Doc12</u> p.2-3 para 2-3, and supports these requests with a sworn statement. <u>Doc 17-2</u>, p.1-3 para 2-10, p.8-10 para 36-42.

12) The Defendants filed their Reply, <u>Doc 21</u>, on February 14, 2024. They attached to the Reply a largely irrelevant document I filed in an 18 USC § 3582(c)-(2) pleading where I explain to the Court that I didn't commit the crimes I was convicted of, refuse to accept responsibility, refuse to rehabilitate, have fought the United States to prevent my involuntary release from prison, and don't care whether the Court grants my motion or not. <u>Doc 23</u>. This was <u>presented</u> because it also contains the unremarkable and uncontested fact that my PTSD is in remission with medication. The Defendants also attached the largely false sworn declaration of Joseph Besher to mitigate Rukowski's lie about the incident report. <u>Doc 21-1</u> I moved for leave to sur-reply. <u>Doc 24</u>.

13) On May 10, 2024, the District Court entered an Order of Dismissal where it declared the merits of this action to be jurisdictional, declared itself empowered to determine "jurisdictional facts" and therefore ignore the Fed.R.Civ.P. 12(b)(6) and summary judgment procedures, cherry-picked the pleadings for its own version of the facts, then declared that the United States had "discretion" to commit all of the alleged misconduct. <u>Doc 25-26</u>. On June 21, 2024, I timely appealed. <u>Doc 27</u>

Standard Of Review

14) This Court reviews a District Court's order of dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6) de novo. Garder v. Antero Res Corp 57 F4ᵀᴴ 384 (4ᵀᴴ Cir 2023); Balfour Beaty Infrastructure Inc v. Mayor & City Canal of Balt 855 F 3d 247 (4ᵀᴴ Cir 2017)

Summary Of The Argument

15) The District Courts finding that the BOP is not a proper defendant to an APA action is contrary to the plain text of the statute. Its finding that BOP employees have unbridled discretion to deprive inmates of clothing incorrectly relied on the Constitutional Due Process standard of Sandin v. Conner 515 US 472 (1995) rather than the APA and is contrary to US Const Amend VIII, 28 CFR § 541.31 and its interpretation in BOP PS 5270.11. The District Court's belief that it could cherry-pick the pleadings to cobble together factual findings that it found pleasing without accepting the truth of the facts as pled, taking the facts in the light most favorable to me, or allowing discovery was error. And finding, without discovery and in the light of contested facts, that the discretionary function exemption shields Defendants from liability was error.

Argument

I. The District Court Erred In Dismissing The Administrative Procedure Act ("APA") Claim

A. The Federal Bureau Of Prisons ("BOP") Was The Proper Defendant For The APA Claim

16) 5 USC §703 states, in pertinent part, that:

"[T]he action for judicial review [under the APA] may be brought against ... the agency by its official title."

This means that the BOP was the properly named Defendant for the APA claim. See, e.g. Blassingame v. Secretary Of Navy 811 F2d 65 (2ND Cir 1987); NVE, Inc. v. HHS 436 F3d 182 (3RD Cir 2005); Tex. Workforce Commin v. United States Dept of Educ, Rehab Servs Admin 973 F3d 383 (5TH Cir 2020); State of Haw. Dept of Human Servs v. United States Dept of Educ, Rehab Srvs 46 F4TH 1148 (9TH Cir 2022); Auction Co of Am v. FDIC 132 F3d 746 (DC Cir 1997).

17) Despite 5 USC §703 and the fact that Count III was brought under the APA, the District Court ruled that:

"Because the Complaint was filed under the Federal Tort Claims Act ('FTCA'), the only proper defendant in this case is the United States Of America. See 28 USC §1346(b). Accordingly, the Federal Bureau of Prisons shall be dismissed from the suit."

Doc 25 p. 1 n. 1.

This statement is contrary to the law and the record and shows how little care

the District Court took in adjudicating this matter. The BOP should be rein-
stated as a Defendant in this matter.

B. The District Court Erred In Finding That The Decision To Deprive Prisoners
Of Serviceable Clothing Is Committed To Agency Discretion By Law

18) 5 USC §701(a)(2) precludes judicial review of agency action where "agency
action is committed to agency discretion by law." Holbrook v. TVA 48 F4ᵀᴴ 282
(4ᵀᴴ Cir 2022). 5 USC §706, however, allows a District Court to enjoin agency actions
that are un-Constitutional, "without observance of procedure required by law,"
arbitrary and capricious or an abuse of discretion, among other things.

19) Under the APA, "[a] person suffering legal wrong because of agency action...
is entitled to judicial review thereof." 5 USC §702. That creates a "basic
presumption of judicial review" of agency action. See, Abbott Labs v. Gardner 387
US 136 (1967). While 5 USC §701(a)(2) creates an exception to that rule, "the
§701(a)(2) standard for agency discretion applies where there is 'no meaningful
standard against which to judge the agency's exercise of discretion.'" Holbrook
citing Heckler v. Chaney 470 US 821 (1985). This requirement is met "if no
judicially manageable standards are available for judging how and when an agency
should exercise its discretion..." Holbrook citing Chaney. "If courts can naturally
review for abuse of discretion, they should..." Holbrook citing Lincoln v. Vigil 508 US
182 (1993). "So the main test under §701(a)(2) is to determine when there are
or are not 'judicially manageable standards' for judging an agency's exercise of

-10-

discretion." Holbrook.

20) Here, the US Constitutions Eighth Amendment and the BOP's own written interpretation of the relevant statute and regulations explicitly prohibit what FCI-Cumberland employees are doing in their SHU, depriving inmates of clothing on their own authority for sadistic sexualized purposes, but the BOP's Central Office, in addressing this issue, refused to curb the practice. This refusal by the BOP to enforce de facto its de jure policies violates the APA and is subject to remediation by injunction. But, the District Court, seemingly ignorant of the law, cited the Constitutional Due Process standard by saying:

"The decision to require an inmate to wear alternate clothing falls within the ambit of prison officials' expertise. It is not the province of the Court to determine how a particular prison might be more beneficially operated. [Sandin v. Conner 515 US 472 (1995)], for this reason, this Court finds that White has not stated a valid claim under the APA."

Doc 25 p.18.

21) A District Court that uses an incorrect standard abuses its discretion. Wall v. Rasnick 42 F4ᵀᴴ 214 (4ᵀᴴ Cir 2022). And, here, the District Court didn't even try to use the correct standard. It had readily at hand two sets of criteria it could use to evaluate the BOP's use of its discretion to authorize a policy of depriving inmates of clothing, US Const Amend VIII and BOP PS 5270.11. By ignoring them, it erroneously concluded that the BOP's actions

-11-

were immune to review.

22) "[P]risoners are entirely 'dependent on the State for... clothing...." Brown v. Plata 563 US 493 (2011). And, a prison that deprives prisoners of [clothing] is incompatible with the concept of human dignity." Pfaller v. Amanette 55 F 4ᵀᴴ 436 (4ᵀᴴ Cir 2022). The decision to deprive an inmate of serviceable clothing thus violates US Const Amend VIII. Pfaller; Brown; De Shaney v. Winnebago Cnty Dep't of Soc Servs 489 US 189 (1989). Because US Const Amend VIII bars the BOP's policy of allowing its low-liest guards to arbitrarily and sadistically deprive prisoners of clothing, it provided a standard against which the District Court could judge the BOP's exercise of discretion.

23) In this matter, the Defendants also admitted that the BOP interpreted the statute, 18 USC §4042, by the following:

"[28 CFR] §541.31... (c) Clothing. You will receive adequate institution clothing...

"[BOP PS 5270.11] The Warden's written approval is required prior to placing an inmate in alternate clothing/linen status... Inmates must be offered a change of clothing daily and the clothing must be adequate to the temperature in the SHU...

"Ordinarily, inmates with serious mental illness... are not placed in paper clothing.

These are standards against which to judge the BOP's de facto policy, and the District Court owed them deference. Bowles v. Seminole Rock & Sand Co 325 US 410 (1945); Almy v. Sebelius 679 F 3d 297 (4ᵀᴴ Cir 2012).

24) Because the District Court applied the incorrect standard of Sandin and ignored the correct standards against which the BOP's policies must be judged, it was error to find that the BOP had discretion to deprive inmates of clothing committed to it by law. Its dismissal of Count 3 should be reversed and remanded.

## II. The District Court Erred In Dismissing The Federal Tort Claims Act ("FTCA") Claims Against The United States

### A. The District Court Was Not Permitted To Declare The Merits Of The Claims "Jurisdictional", Then Ignore The Standards For A Motion To Dismiss Or Summary Judgment, Cherry-Pick The Pleadings In The Name Of "Jurisdictional Fact-Finding", And Then Enter Judgment, Without Discovery, On These Cherry-Picked Facts

25) "To survive a Fed. R. Civ. P. 12(b)(6) motion, the plaintiff must allege 'sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 US 662 (2009). "[This Court] take[s] all well-pled facts to be true, drawing all reasonable inferences in favor of the plaintiff." Carey [v. Throwe] 957 F3d [468 (4ᵀᴴ Cir 2020)]," Corporal v. Weber 2023 US App LEXIS 18324 (4ᵀᴴ Cir 2023). Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to judgment as a matter of law." Balfour Beatty Infrastructure, Inc

26) Here, the District Court completely ignored this standard. Instead, it presented a fanciful and false account of the facts which it cherry picked from the pleadings and the testimony and the documents presented by the United States as Docs 10-2 to -5. Doc 25 p. 2-6.

27) To justify this conduct, the District Court states:

"The Court declines to convert the Motion [to Dismiss to one for Summary Judgment] in this instance, but will consider material beyond the Complaint for purposes of determining whether it has subject matter jurisdiction over White's tort claim. See Velasco [v. Gov't of Indon] 370 F3d [392 (4TH Cir 2004)] at 398."

Doc 25 p. 10 n.4

It also states that:

"In a factual challenge [to jurisdiction] the district court is entitled to decide disputed issues of fact with regard to subject matter jurisdiction." Doc 25, p. 9-10 citing Kerns v. United States 585 F3d 187 (4TH Cir 2009).

28) There are six elements of a FTCA claim, that it be (1) against the United States (2) for money damages (3) for injury or loss of property or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the government (5) while acting in the scope of his employment (6) under circumstances where the United States, as a private person would be liable. Brownback v. King 141 SCt 740 (2021). "All elements for a meritorious claim" under the FTCA are juris-

dictional. Brownback. And, the Fourth Circuit has found that the exemptions to liability found in 28 USC §2680 are also jurisdictional. see, eg, Bulger v. Hurwitz 62 F 4TH 127 (4TH Cir 2023)

29) Because issues of jurisdiction and merit are closely intertwined in a FTCA case, the standard cited by the District Court in Velasco does not apply. This Court set out the standard for jurisdictional discovery in a FTCA case in Carter v. United States 694 Fed Appx 918 (4TH Cir 2017). There, the Court noted that a District Court may not engage in the typical jurisdictional factfinding on a motion to dismiss where the "jurisdictional facts are intertwined with the facts central to the merits." Carter citing United States ex rel Vuyyuru v. Jadhav 555 F3d 337 (4TH Cir 2009). In such cases, the Court should presume the truthfulness of the facts alleged. Carter citing Kerns, Rich v. United States 877 F3d 140 (4TH Cir 2015). The Court should resolve factual disputes only after appropriate discovery or trial. Carter citing Kerns, Rich, Arbaugh v. Y&H Corp 546 US 500 (2006). Unless an allegation is "wholly unsubstantiated", the district court should "assume jurisdiction and proceed to the intertwined merits issue." Carter citing Kerns.

30) The District Court's fabrication of a factual account using material outside the pleadings and resolving factual disputes in the Defendants' favor was error that in and of itself requires reversal and remand for further proceedings.

B. The District Court Erred In Finding That The Discretionary Function Exemption Shields The Defendants From Liability And Denying Related Discovery

31) 28 USC §2680(a), also known as the discretionary function exemption, preserves the sovereign immunity of the United States for any claim under the FTCA based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government whether or not the discretion be abused." The discretionary function exemption covers acts which involve an element of judgment or choice." United States v. Gaubert 499 US 315 (1991). This is presumed unless a "federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." Bulger citing Berkovitz v. United States 486 US 531 (1988). Such a direction must either expressly prescribe or proscribe a particular course of action" in order to eliminate an agency's discretion for purposes of the discretionary function exemption." Bulger citing Pornomo v. United States 814 F3d 681 (4ᵀᴴ Cir 2016). If the acts giving rise to the claim involve an element of judgment or choice, the court must go on to determine if the decision is the kind that the exception was designed to shield. Berkovitz.

32) The District Court started to lay out the FTCA standard Doc 25 p. 12-14. It got as far as saying that the Court must consider whether the conduct at issue "involved the permissible exercise of policy judgment." Doc 25 p. 13 citing Bulger, Berkovitz. It then forgot to explain what a "permissible exercise of policy judgment" is. Doc 25 p. 13-14. If an official acts because they are distracted, inattentive

lazy or for anything other than a public policy reason, their conduct is not shielded by the discretionary function exemption. Rich; Tyree v. United States 841 Fed Appx 762 (4ᵀᴴ Cir 2020); see also Coulthurst v. United States 214 F3d 106 (2ᴺᴰ Cir 2006; Triestman v. Federal Bureau Of Prisons 470 F3d 477 (2ᴺᴰ Cir 2006); Middleton v. United States 658 Fed Appx 167 (3ᴿᴰ Cir 2016); Keller v. United States 771 F3d 1071 (7ᵀᴴ Cir 2014); Paley v. United States 349 F3d 418 (7ᵀᴴ Cir 2003).

33) Here, the District Court ruled, based on its impermissible findings of facts and incorrectly articulated standard, that "each of the actions" giving rise to the negligence and IIED claims "is discretionary and not available under the FTCA." Doc 25 p. 14. This was error.

34) First, the District Court simply did not recognize or address the claim of denial of access to medical or palliative care for my Covid-19, pled Doc 1 p. 7-8 para 33(c), 37(c). Doc 25 p. 14. The failure to adjudicate this claim requires remand with directions to the District Court to enter a final order. Porter v. Zook 803 F3d 694 (4ᵀᴴ Cir 2015) citing Witherspoon v. White 111 F3d 399 (5ᵀᴴ Cir 1997), CH ex rel Hardwick v. Heyward 404 F Appx 765 (4ᵀᴴ Cir 2010), Stillman v. Travelers Ins Co 88 F3d 911 (11ᵀᴴ Cir 1996)

35) Second, I admitted, Doc 12 p. 18 para 18-20, that a different exemption, 28 USC § 2680(f), likely applied to the decision to place me in SHU September 12 to 21, 2022. The District Court, however, ignored this admission and instead ruled

that because I "di[d] not specify which [Covid-19 quarantine] policy or decision he referred to", it dismissed this claim. Doc 25 p.14. This was error as I had requested discovery to determine what policies governed the actions I observed and experienced. Doc 12 p 4 para 4 (b) and (c).

36) Third, in adjudicating the SHU placement claims, the District Court ruled that 18 USC §4042(a)(2)-(3) "govern[s]" the BOP's assignment of inmates to part-icular prisons and housing assignments" and "doesn't dictate any particular course of action or proscribe certain conduct", so, therefore, there was no need to examine the fourteen federal regulations, 28 CFR §541.20-33 and/or any applicable policy statements or post orders governing this decision. Doc 25 p. 14-15. Then, analogizing this case to Bulger, the Court found that the decision to place and maintain an inmate in SHU has the same protection as the decision to place an inmate in general population.

37) This case is very different from Bulger because in Bulger there really "was no fed-eral statute, regulation or policy that "specifically prescribe[d] a course of action" with respect to" the placement of Bulger in general population. Thus, the BOP was permitted to extra-judicially murder a prisoner whose continued exist-ence was a potential threat to the Department of Justice and FBI. Here, regulations do exist, they were brought to the Court's attention, Doc 12 p. 15 para 15, and the Court just ignored them. The Court was not permitted to ignore 28 CFR §541.20-33 or my request for discovery as to what other BOP policies existed. This dismissal

-18-

Was error.

38) Fourth, the District Court dismissed my NED claim for being given several pieces of paper and being told to use them as clothing one, as discretionary, and, two, with the counter-factual statement that:

> "The decision to curtail White and his cellmate's ability to destroy additional government property by placing them in alternate clothing is also a permissible exercise of policy judgment relating directly to economic considerations."

Doc 25, p 16.

It then erroneously states that this reasoning supports dismissal if BOP officials did, in fact, violate their mandatory duties. Doc 25 p 15 n. 6

39) The first question is whether or not a mandatory duty exists. In support of its finding it doesn't, the Court made the following statements:

a) that I was required to "include any description of how [requiring him to wear paper clothes] was not humane other than stating that the wrong person made the decision";

b) that I was required to "give[] ... indication of when he asked for a change of clothes or who he asked to provide them"; and

c) that being "left all but nude for three days in artificially cold conditions" after the paper clothes disintegrated" does not "sufficiently support [] a finding that the regulation falls outside the discretionary function exception."

<u>Doc 25 p.15</u>

40) None of the things listed in <u>para 39, supra,</u> have any bearing on the discretionary function exemption, except that being left without clothes for three days in artificially cold conditions clearly violates US Const Amend VIII and 28 CFR §541.31's requirement that inmates be provided with clothes, and that the Court's ruling otherwise is the kind of absurdity that has <u>brought</u> the federal judicial system into its current state of disrepute. The BOP PS 5270.11 clearly states that a prison inmate must have actually destroyed government property to be considered for placement in alternate clothing, that the Warden must consult with a psychologist and health services administrator before such placement, for the obvious purpose of avoiding the exact same harms I suffered here, and must approve the use of paper clothes beforehand, that the clothes must be serviceable and that a change of clothes must be offered every day, and that seriously mentally ill inmates must not ordinarily be placed in paper clothes. The District Court <u>did not even consider whether these rules were followed.</u> Instead, it engaged in judicial rule making, decided, without a fully developed record, to substitute its decision as to how prisoners should be treated for the written policy, and adjudicated the case on that basis. This was error.

41) Further, the undisputed evidence in this case was that no one at FCI-Cumberland performed their mandatory duties. My mentally ill cellmate

whom I was forced into a cell with while sick, tore his sock. Two BOP COs, COs selected to work in the SHU largely because other staff do not want to work with them or they cannot be trusted around general population inmates (but cannot be fired because of union rules), made the decision to place me in paper clothes without consulting the Warden, a psychologist or health services. The pieces of paper that I was given were not useful as clothing. I was not offered changes of clothes. And, I suffer from serious mental illness. The BOP policies in question, like its SHU policies, are mandatory because untrained, sadistic and homosexually-inclined guards like FCI Cumberland's SHU staff can harm people by doing this. And, I was harmed. The discretionary function exemption does not shield this kind of conduct even if the District Court's policy choice is to run federal prisons like Abu Ghraib.

42) And, if mandatory duties are breached, the Court may not proceed to consider whether or not discretion was abused or used for a public policy purpose. Doc 25 p. 16. BOP staff may not violate written public policies to pursue their own idiosyncratic policy views, just as federal judges may not condone them doing so.

The District Court's errors in this case were numerous and plain and show a lack of familiarity both with the record and the law. This Court should reverse the dismissal of this action and remand for further proceedings.

Respectfully Submitted,

William A White #13888-084

FCI-Cumberland

PO Box 1000

Cumberland, MD 21501

## CERTIFICATE OF SERVICE

I hereby certify that this Appellants Opening Brief was mailed to the Clerk of the Courts and the US Attorney's Office for the District of Maryland, 1ST Class Postage Prepaid, this __15__TH day of July, 2024.

William A White



RECEIVED
U.S. MARSHALS

Clerk
Fourth Circuit
1100 E. Main St
Suite 501
Richmond, VA 23219



received
JUL 15 2024
FCI CUM
Mailroom

William A. [...]
Federal Corr[...]
PO Box 1000
Cumberland, MD 21501

>13388-084<>

Clerk Fourth Circu[...]
1100 E MAIN ST
Suite 501
Richmond, VA 232[...]
United States

LEGAL MAIL